1

2

3

4                    UNITED STATES DISTRICT COURT

5                         DISTRICT OF NEVADA

6                                * * *

7    BANK OF AMERICA, N.A.,                     Case No. 2:16-CV-449 JCM (PAL)

8                          Plaintiff(s),                        ORDER

9         v.

10   ANTELOPE HOMEOWNERS'
     ASSOCIATION, et al.,
11

12                        Defendant(s).

13

14        Presently before the court is defendant Antelope Homeowners' Association's (the "HOA")

15   motion to dismiss.  (ECF No. 19).  Plaintiff Bank of America, N.A. ("BANA") filed a response

16   (ECF No. 24), to which the HOA replied (ECF No. 27).

17   **I.      Facts**

18        This case involves a dispute over real property located at 7828 Garden Rock St., Las Vegas,

19   NV 89149 (the "property").

20        On July 2, 2008, Tony Barrios, Justo Barrios, and Kristina Barrios obtained a loan from

21   Universal American Mortgage Company, LLC in the amount of $214,621.00, which was secured

22   by a deed of trust recorded on July 14, 2008.  (ECF No. 1 at 3–4).  The note and deed of trust are

23   insured by the Federal Housing Administration ("FHA").  (ECF No. 1 at 4).

24        On June 25, 2009, defendant Alessi & Koenig, LLC ("A&K"), acting on behalf of the

25   HOA, recorded a notice of delinquent assessment lien, stating an amount due of $1,002.74.  (ECF

26   No. 1 at 4).  On August 31, 2009, A&K recorded a notice of default and election to sell to satisfy

27   the delinquent assessment lien, stating an amount due of $1,921.79.  (ECF No. 1 at 4).

28

**James C. Mahan**
**U.S. District Judge**

1    On August 9, 2010, A&K recorded a notice of trustee's sale, stating an amount due of

2    $4,078.25 and scheduling the trustee's sale for September 8, 2010.  (ECF No. 1 at 4).

3    On March 2, 2011, Las Vegas Development Group, LLC ("LVDG") purchased the

4    property at the foreclosure sale for $4,666.00.  (ECF No. 1 at 5).  A foreclosure deed in favor of

5    LVDG was recorded on March 11, 2011.  (ECF No. 1 at 5).

6    The deed was assigned to BAC Home Loans Servicing, LP f/k/a Countrywide Home Loans

7    Servicing, LP ("BAC") via an assignment deed.  (ECF No. 1 at 4).  BAC merged into BANA

8    effective July 1, 2011.  (ECF No. 1 at 4).

9    On March 2, 2016, BANA filed the underlying complaint, alleging four claims for relief:

10    (1) quiet title/declaratory judgment against all defendants; (2) breach of NRS 116.1113 against the

11    HOA and A&K; (3) wrongful foreclosure against the HOA and A&K; and (4) injunctive relief

12    against LVDG.  (ECF No. 1).

13    In the instant motion, the HOA moves to dismiss BANA's claims, arguing that the claims

14    are time-barred by the statute of limitations and that BANA's failure to comply with NRS 38.310

15    deprives the court of subject matter jurisdiction.  (ECF No. 19).

16    **II.    Legal Standard**

17    A court may dismiss a complaint for "failure to state a claim upon which relief can be

18    granted."  Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain

19    statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell*

20    *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed

21    factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the

22    elements of a cause of action."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

23    "Factual allegations must be enough to rise above the speculative level."  *Twombly*, 550

24    U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual

25    matter to "state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. 662, 678 (citation

26    omitted).

27    In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply

28    when considering motions to dismiss.  First, the court must accept as true all well-pled factual

James C. Mahan
U.S. District Judge

- 2 -

allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678–79.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  *Id.* at 678.

Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  *Id.* at 679.  A claim is facially plausible when the plaintiff's complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  *Id.* at 678.

Where the complaint does not permit the court to infer more than the mere possibility of misconduct, the complaint has "alleged—but not shown—that the pleader is entitled to relief."  *Id.* (internal quotation marks omitted).  When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed.  *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  The *Starr* court stated, in relevant part:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

## III.    Discussion

### A.  Quiet Title/Declaratory Relief

Count one of BANA's complaint alleges a claim to quiet title/for declaratory relief against all defendants.  (ECF No. 1 at 5–10).  In the instant motion, the HOA argues that BANA's quiet title claim should be dismissed because it is time-barred by the statute of limitations.  (ECF No. 19).  The court disagrees.

Under Nevada law, "[a]n action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action for the purpose of determining such adverse claim."  Nev. Rev. Stat. § 40.010.  "A plea to quiet title does not require any particular elements, but each party must plead and prove his or her own claim to the property

in question and a plaintiff's right to relief therefore depends on superiority of title." *Chapman v. Deutsche Bank Nat'l Trust Co.*, 302 P.3d 1103, 1106 (Nev. 2013) (internal quotation marks and citations omitted). Therefore, for plaintiff to succeed on its quiet title action, it needs to show that its claim to the property is superior to all others. *See also Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996) ("In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself.").

Under NRS 40.010, an "action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim." Nev. Rev. Stat. § 40.010. Further, NRS 11.070 sets forth a five-years limitations period for quiet title claims. Nev. Rev. Stat. § 11.070.

The foreclosure sale took place on March 2, 2011. BANA filed the underlying complaint on March 2, 2016. (ECF No. 1). Thus, BANA's quiet title claim was timely filed within the five-year limitations period set forth in NRS 11.070.

Next, the HOA argues that BANA's quiet title claim should be dismissed for BANA's failure to mediate pursuant to NRS 38.310(2). (ECF No. 19). Again, the court disagrees.

A claim to quiet title is exempt from NRS 38.310 because "it requires the court to determine who holds superior title to a land parcel." *McKnight Family, L.L.P. v. Adept Mgmt.*, 310 P.3d 555, 559 (Nev. 2013). In *McKnight Family, L.L.P.*, the Nevada Supreme Court reversed the lower court's dismissal of plaintiff's quiet title and other claims because the parties had not participated in alternative dispute resolution before the plaintiff filed suit. *Id*. at 557. The court held that, while the other claims for relief were properly dismissed, the quiet title claim was not a civil action as defined in NRS 38.300(3), and was therefore exempt from the requirements of NRS 38.310. *Id*. at 559.

The same reasoning applies to declaratory relief claims in which a lender seeks to determine the validity of a foreclosure sale conducted by a homeowner association. *See, e.g.*, *U.S. Bank, Nat. Ass'n v. NV Eagles, LLC*, No. 2:15-CV-00786-RCJ, 2015 WL 4475517, at *3 (D. Nev. July 21, 2015) (finding that a lender's claim seeking both quiet title and declaratory relief was exempt from the mediation requirement of NRS 38.310).

James C. Mahan
U.S. District Judge

Here, BANA seeks to quiet title regarding its rights to the property.  (ECF No. 1).  Accordingly, BANA's quiet title claim is exempt from the mediation requirement of NRS 38.310.

Next, the HOA argues that BANA failed to state a claim for quiet title and declaratory relief because the foreclosure sale did not violate BANA's due process rights and BANA failed to establish superiority of title.  (ECF No. 21 at 11–12).

In response, BANA contends that it has sufficiently stated a quiet title claim because the Supremacy Clause is implicated as the Nevada statute at issue must yield where it compromises the Federal Housing Administration's ("FHA") interest in a loan.  (ECF No. 24).  The court agrees.

Under the Property Clause of the United States Constitution, only "Congress shall have the power to dispose of and make all needful rules and regulations respecting the territory or other property belonging to the United States . . . ."  U.S. Const. Art. IV, § 3, cl. 2.  The Supremacy Clause provides that the "Constitution . . . shall be the supreme law of the land . . . ."  U.S. Const. Art. VI, cl. 2.  "State legislation must yield under the Supremacy Clause of the Constitution to the interests of the federal government when the legislation as applied interferes with the federal purpose or operates to impede or condition the implementation of federal policies and programs."  *Rust v. Johnson*, 597 F.2d 174, 179 (9th Cir. 1979).

In *Rust*, the Ninth Circuit held that a city's foreclosure on property insured by the Federal National Mortgage Association was invalid under the Supremacy Clause.  The court reasoned that upholding the sale "would run the risk of substantially impairing the Government's participation in the home mortgage market and of defeating the purpose of the National Housing Act."  *Id.*

On this basis, courts consistently apply federal law, ignoring conflicting state law, in determining rights related to federally owned and insured loans.  *United States v. Stadium Apartments, Inc.*, 425 F.2d 358, 362 (9th Cir. 1970) (holding that federal law applies to FHA-insured mortgages "to assure the protection of the federal program against loss, state law to the contrary notwithstanding"); *see also United States v. Victory Highway Vill., Inc.*, 662 F.2d 488, 497 (8th Cir. 1981) (citing Ninth Circuit case law) ("We note that federal law, not [state] law, governs the rights and liabilities of the parties in cases dealing with the remedies available upon default of a federally held or insured loan.").  Foreclosure on federal property is prohibited where

James C. Mahan
U.S. District Judge

it interferes with the statutory mission of a federal agency.  *See United States v. Lewis Cnty.*, 175 F.3d 671, 678 (9th Cir. 1999) (holding that the state could not foreclose on federal Farm Service Agency property for non-payment of taxes).

Other courts in this district have uniformly held that 12 U.S.C. § 4617(j)(3) precludes an HOA foreclosure sale from extinguishing Fannie Mae's ownership interest in property without proper consent.  *See, e.g.*, *LN Mgmt., LLC Series 5664 Divot v. Dansker*, No. 2:13-cv-01420-RCJ-GWF, 2015 WL 5708799, at *2 (D. Nev. Sept. 29, 2015); *Fed. Nat'l Mortgage Ass'n v. SFR Investments Pool 1, LLC*, No. 2:14-cv-02046-JAD-PAL, 2015 WL 5723647, at *3 (D. Nev. Sept. 28, 2015); *1597 Ashfield Valley Trust v. Fed. Nat'l. Mortg. Ass'n Sys.*, No. 2:14-CV-02123-JCM-CWH, 2015 WL 4581220, at *7 (D. Nev. July 28, 2015); *Skylights LLC v. Byron*, 112 F. Supp. 3d 1145, 1152 (D. Nev. 2015).

Indeed, federal district courts in this circuit have also set aside HOA foreclosure sales on property and supremacy clause grounds in cases involving federally insured loans. *Saticoy Bay LLC v. SRMOF II 2012-1 Trust*, No. 2:13-cv-1199-JCM-VCF, 2015 WL 1990076, at *1 (D. Nev. Apr. 30, 2015); *see also Sec'y of Hous. & Urban Dev. v. Sky Meadow Ass'n*, 117 F. Supp. 2d 970, 982 (C.D. Cal. 2000) (voiding HOA's non-judicial foreclosure on HUD property, quieting title in HUD's favor based on property and supremacy clauses); *Yunis v. United States*, 118 F. Supp. 2d 1024, 1027, 1036 (C.D. Cal. 2000) (voiding HOA's non-judicial foreclosure sale of property purchased under veteran's association home loan guarantee program); *Wash. & Sandhill Homeowners Ass'n v. Bank of Am., N.A.*, No. 2:13-cv-01845-GMN-GWF, 2014 WL 4798565, at *6 (D. Nev. Sept. 25, 2014) (holding that property and supremacy clauses barred foreclosure sale where mortgage interest was federally insured).

The single-family mortgage insurance program allows FHA to insure private loans, expanding the availability of mortgages to low-income individuals wishing to purchase homes. *See Sky Meadow Ass'n*, 117 F. Supp. 2d at 980–81 (discussing program); *Wash. & Sandhill Homeowners Ass'n*, 2014 WL 4798565, at *1 n.2 (same).  If a borrower under this program defaults, the lender may foreclose on the property, convey title to HUD, and submit an insurance

James C. Mahan
U.S. District Judge

claim.  24 C.F.R. 203.355.  HUD's property disposition program generates funds to finance the program.  *See* 24 C.F.R. § 291.1.

Allowing an HOA foreclosure to wipe out a first deed of trust on a federally-insured property thus interferes with the purposes of the FHA insurance program.  Specifically, it hinders HUD's ability to recoup funds from insured properties.   As this court previously stated in *Saticoy Bay LLC, Series 7342 Tanglewood Park v. SRMOF II 2012-1 Trust*, the court reads the foregoing precedent to indicate that a homeowners' association foreclosure sale under NRS 116.3116 may not extinguish a federally-insured loan.  No. 2:13–CV–1199 JCM (VCF), 2015 WL 1990076, at *4 (D. Nev. Apr. 30, 2015).

In light of the foregoing, the court will deny the HOA's motion to dismiss as to the quiet title claim.

### B.  Breach of NRS 116.1113

Claim two of BANA's complaint alleges that A&K and the HOA violated NRS 116.1113, which imposes an obligation of good faith in every contract or duty governed by Chapter 116.  (ECF No. 1 at 10–11).  For relief, BANA seeks damages in the amount of either the property's fair market value or the unpaid principal on the loan as of the date of the HOA sale.  (ECF No. 1 at 11).

Because claim two is a claim for damages based on the alleged breach of a statutory duty, it must be brought within three years.  *See* Nev. Rev. Stat. § 11.190(3)(a).  The foreclosure sale took place on March 2, 2011.  BANA brought this lawsuit more than three years later, on March 2, 2016.  Therefore, claim two is time-barred, and the HOA's motion to dismiss will be granted as to this claim.

### C.  Wrongful Foreclosure

Claim three of BANA's complaint alleges that the foreclosure sale was wrongful because the HOA and A&K failed to give proper notice and an opportunity to cure the deficiency, and the HOA sold the property for a grossly inadequate amount.  (ECF No. 1 at 11–12).  BANA seeks damages in the amount of the property's fair market value or the unpaid principal loan balance as of the time of the foreclosure sale.  (ECF No. 1 at 12).

James C. Mahan
U.S. District Judge

A tortious wrongful foreclosure claim "challenges the authority behind the foreclosure, not the foreclosure act itself."  *McKnight Family, L.L.P.*, 310 P.3d at 559.  A&K's authority to foreclose on the HOA lien on behalf of the HOA arose from Chapter 116, essentially rendering count three a claim for damages based on liability created by a statute.  Therefore, claim three is likewise time-barred under NRS 11.190(3)(a) because it was not brought within three years.

**IV.   Conclusion**

In sum, the court will grant the HOA's motion to dismiss as to BANA's claims for breach of NRS 116.1113 and wrongful foreclosure with prejudice because they are time-barred by the statute of limitations, but deny the motion as to the quiet title claim.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendant Antelope Homeowners' Association's motion to dismiss (ECF No. 19) be, and the same hereby is, GRANTED IN PART and DENIED IN PART consistent with the foregoing.

DATED January 30, 2017.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge

- 8 -